SAM G. ANDERSON v. FRANK T. PROSSER AND ANOTHER.[1]

November 2, 1923.

No. 23,632.

**Chattel mortgage canceled because a preference within bankruptcy act.**
   1.   The evidence sustains the findings and justified setting aside the
   mortgage in controversy as a preference within the meaning of the
   bankruptcy law.

**Trustee in bankruptcy may avoid preferences given by voluntary bankrupt.**
   2.   Preferences valid except under the bankruptcy law, given by a
   debtor exempt from involuntary bankruptcy but who becomes a volun-
   tary bankrupt, may be avoided by the trustee in bankruptcy.

Action in the district court for McLeod county to set aside a
chattel mortgage. The case was tried before Tifft, J., who made
findings and ordered judgment in favor of plaintiff. From an order
denying their motion for a new trial, defendants appealed. Affirmed.
   *Lewis Severance*, for appellants.
   *F. R. Allen*, for respondent.

TAYLOR, C.
   Plaintiff, as trustee in bankruptcy of Henry L. Anderson, brought
this action to set aside a chattel mortgage given by Anderson to
defendants less than four months before he was adjudged a bank-
rupt. The court found all the allegations of the complaint true and
directed judgment canceling the mortgage. Defendants appealed
from an order denying a new trial.
   All the facts necessary to authorize a cancelation of the mortgage
under the bankruptcy law are included in the facts alleged in the
complaint and found by the trial court. That Anderson was hope-
lessly insolvent when the mortgage was given was established be-
yond question by the undisputed facts and Anderson's testimony.

[1]Reported in 195 N. W. 533.

That the chattel mortgage, if valid and enforceable, will give defendants a preference over other creditors, is plain.

Anderson was a farmer living on a rented farm near Hutchinson. Defendants transacted their business with him through a traveling representative or agent named Thompson. That Thompson had authority to act for defendants is conceded. Thompson sold Anderson a Jeffrey automobile, and took from him a promissory note dated June 14, 1921, by which he promised to pay defendants the sum of $350 on October 15, 1921. This note was probably given for the purchase price of the automobile, although that fact does not clearly appear. In September, 1921, Anderson was required by the owner of the farm on which he was living to remove therefrom. He held an auction sale on Wednesday, September 21, 1921, and the proceeds thereof were deposited in a Hutchinson bank. On Saturday, September 24, four different creditors of Anderson garnisheed this money. On Saturday evening Anderson, who was an intimate friend of Thompson, informed Thompson of these garnishments and that he was unable to pay the claims or the note given to defendants. Thereupon Thompson asked him to secure the note by a chattel mortgage on the automobile. On Sunday Thompson saw him again and secured his promise to give the mortgage, and on Monday, September 26, 1921, he executed the mortgage and delivered it to Thompson who took it to the county seat and filed it the same day. These facts with others not enumerated fully warranted a finding that when Thompson took this mortgage he had "reasonable cause to believe that the enforcement of" it would effect a "preference." Under the bankruptcy law this, taken with the other established facts, is sufficient to avoid the mortgage. Section 60, subdivisions a and b. Galbraith v. Whitaker, 119 Minn. 447, 138 N. W. 772, 43 L. R. A. (N. S.) 427; 2 Collier, Bankruptcy, 903; 3 R. C. L. 278.

The claim that defendants granted an extension of time as a consideration for the mortgage is without support in the record. No promise to extend the time was given until after the mortgage transaction had been completed.

Defendants claim that, as Anderson was a farmer and farmers cannot be forced into involuntary bankruptcy, any preference he

may have given was valid and cannot be avoided under the bankruptcy law. It is doubtless true that such a preference would be valid as against other creditors except in proceedings under the bankruptcy law, and that he could not be brought within the operation of that law by his creditors, yet he could voluntarily place himself and his property within the operation of that law, and he did so. Placing himself and his property within the operation of the bankruptcy law, gave his creditors the right to enforce all remedies afforded by that law. The provisions for avoiding preferences are clear and positive, and the statute nowhere excludes from their operation preferences given by persons who can be declared bankrupts only on their own voluntary petitions. The statute makes no distinction between preferences given by persons who may be adjudged bankrupts on the petition of creditors, and those given by persons who can be adjudged bankrupts only on their own petition. It provides that the validity of transfers sought to be avoided as preferences shall be determined by the same tests in all cases.

Order affirmed.